IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACQUELYN N'JAI,

    *Plaintiff*,

v.

SHARON BOYD, *et al.*,

    *Defendants*.

Civil No.: 1:24-cv-02068-JRR

**MEMORANDUM OPINION**

*Pro Se* Plaintiff Jacquelyn N'Jai initiated this action against Defendants Sharon Boyd, Credit Management Co., United States Postal Service ("USPS"), and "Frederick (Memorial) Hospital" in the District Court of Maryland for Frederick County. (ECF No. 5; the "Complaint.") USPS subsequently removed the action to this court. (ECF No. 1.) Pending now before the court are Plaintiff's "Motion Opposition to the Removal and/or Motion to Amend the Complaint" (ECF No. 18; the "Motion for Remand or to Amend") and USPS's Motion to Dismiss (ECF No. 23; the "Motion to Dismiss"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion for Remand or to Amend will be granted in part and denied in part, and the Motion to Dismiss will be granted.[1]

**I.    BACKGROUND**[2]

This action arises from an apparent dispute between Plaintiff and her daughter, Boyd. Plaintiff alleges that Boyd "lur[ed]" her to move into Boyd's home located at 325 Spring Bank Way in Frederick, Maryland. (ECF No. 5 ¶ 1.) Pursuant to a written agreement, Plaintiff moved

---

[1] Plaintiff also filed a "Motion for Leave to File Surreply in Opposition to the Reply in Support of Defendant United States Postal Service's Motion to Dismiss" (ECF No. 31). The Motion will be denied for lack of good cause shown because Plaintiff fails to set forth any basis for the requested relief.

[2] For purposes of resolving the Motion to Dismiss, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 5.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

into the home and agreed to pay Boyd $450 per month from August 1, 2023, through December 31, 2023. *Id.* ¶ 3. Despite Plaintiff fulfilling her obligations under the agreement, Boyd "began to threaten, accuse, and defame" Plaintiff, claiming *inter alia* that Plaintiff "was invading her space, [did] not live at the address, [and] had no right to mail coming to [the] home." *Id.* ¶ 5. Plaintiff alleges that Boyd unlawfully evicted her, "threatened her with . . . unlawful commitment if she refused to leave," refused to allow Plaintiff back in the home after her "involuntary mental evaluation," and "expose[d] [Plaintiff] to Clorox sprays, rat poisoning dusts, etc." *Id.* ¶¶ 5–24.

Relevant here, Boyd was employed by USPS as a mail carrier from September 15, 2023, through January 2024, and Plaintiff alleges that Boyd "interfered with, stole, returned, destroyed, etc. [a]ny mail coming to [the home] on the basis that this was her home and she did not have to allow [Plaintiff] to get mail there." *Id.* ¶ 27. Specifically, Plaintiff alleges that Boyd took her juror summons, mail-in ballots, insurance and pension information, and bills from Frederick Hospital—totaling "over 20-30 pieces of mail" from September 2023 to December 2023. (ECF No. 5 ¶ 28.) Plaintiff also alleges that Boyd used her position with USPS "to confiscate insurance, pension[,] and other confidential information and mail addressed" to Plaintiff. *Id.* at p. 41. Plaintiff admits in her opposition to the Motion to Dismiss that Boyd "does not deliver to her own address" (and Plaintiff's Complaint does not allege Boyd delivered mail as a USPS employee to the address in question). (ECF No. 25 at p. 1.) Plaintiff complained to USPS five times about her mail delivery and Boyd's unlawful actions as a USPS employee. (ECF No. 5 ¶ 29.) "Each time [Plaintiff] complained, nothing was done to investigate or to put in writing what the result were of any investigation against Sharon Boyd." *Id.* ¶ 30. Eventually, Plaintiff's mail arrived at her new address. *Id.* ¶ 31.

Construed liberally, Plaintiff's Complaint seems to assert five counts, including "Warranty of Habitability," "Private Nuisance," "Unlawful and Involuntary Mental Evaluation," "Illegal Eviction Attempt/Lock Out," and "Mail Tampering, taking and delays."  (ECF No. 5 at p. 1.) While Plaintiff's Complaint does not expressly assert any claim against USPS, the court construes her allegation of "mail tampering, taking, and delays" to assert a claim under the Federal Tort Claims Act ("FTCA") against USPS.

## II.     LEGAL STANDARDS

### A. Motion to Remand

A defendant may remove an action brought in state court to the federal court where the federal court would have original jurisdiction over the action.  28 U.S.C. § 1441(a).  On a motion to remand, the removing party bears the burden of establishing federal jurisdiction.  *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 176 (4th Cir. 2017).  "District courts have original jurisdiction over claims 'arising under the Constitution, laws, or treaties of the United States.'"  *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (quoting 28 U.S.C. § 1331)).  "To determine whether a plaintiff's claims 'arise under' the laws of the United States, courts typically use the 'well-pleaded complaint rule,' which focuses on the allegations of the complaint."  *Id.* (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).  Removal jurisdiction raises "significant federalism concerns," *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted).

3

B. **Federal Rule of Civil Procedure 12(b)(1)**

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge. *Id.* A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Id.* (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration.")). "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Id.*

USPS mounts a facial challenge to the court's jurisdiction, asserting that the doctrine of sovereign immunity bars Plaintiff's claim by operation of the FTCA and deprives this court of jurisdiction. (ECF No. 18 at p. 5.) "[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). "Given the unique attributes of sovereign immunity, we have held that the burden of proof falls to an entity seeking immunity as an arm of the state, even though a plaintiff generally

4

bears the burden to prove subject matter jurisdiction." *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 176 (4th Cir. 2019) (citing *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014)).

### III. ANALYSIS

As an initial matter, the court is ever mindful that "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

#### A. The Propriety of Removal

The court first turns to Plaintiff's challenges to USPS's removal of this action. Plaintiff's challenge to removal is almost wholly unsupported by any clear or express argument. (ECF No. 18 at p. 2–3.) In its Notice of Removal, USPS explains that removal is proper pursuant to 28 U.S.C. § 1441, because this matter "appears to be a civil action of which the federal district courts have original jurisdiction founded on a claim or arising under the Constitution, treaties or laws of the United States," and pursuant to 28 U.S.C. § 1442(a)(1), "because the matter is a civil action commenced in a State court and the action is against the United States." (ECF No. 1 ¶¶ 6–7.)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Further, 28 U.S.C. § 1442(a)(1), referred to as the "federal officer removal statute," *see Cnty. Bd. of Arlington Cnty., Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d

5

243, 247 (4th Cir. 2021), provides that "[a] civil action . . . that is commenced in a State court and that is against or directed to," relevant here, "[t]he United States or any agency thereof," "may be removed by them to the district court of the United States for the district . . . embracing the place wherein it is pending." 28 U.S.C. § 1442 (a)(1).

On the federal officer removal statute, the Fourth Circuit has explained:

> The United States ordinarily enjoys an absolute right to remove cases to federal court. . . .
>
> The United States removed this case pursuant to the federal officer removal statute, which provides that "[a] civil action ... that is commenced in a State court and that is against ... [t]he United States or any agency thereof" may be transferred to federal district court. 28 U.S.C. § 1442(a)(1). The Supreme Court has long "held that that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).' " *Arizona v. Manypenny*, 451 U.S. 232, 242, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)). To that end, § 1442(a)(1) "ensure[s] a federal forum in *any case* where a federal [defendant] is entitled to raise a [federal] defense." *Id.* at 241, 101 S.Ct. 1657 (emphasis added); *see also Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 447, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999) (Scalia, J., concurring in part and dissenting in part) (noting that "the main point" of § 1442(a)(1) is to give federal defendants "a federal forum in which to litigate the merits of immunity defenses"). In 1996, when Congress amended § 1442(a)(1) to include "the United States or any agency thereof," Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 206, 110 Stat. 3847, 3850, it did so to "fulfill[ ] Congress' intent that questions concerning . . . the scope of Federal immunity . . . [would] be adjudicated in Federal court," S. Rep. 104-366, at 31 (1996); H.R. Rep. 104-798, at 20 (1996) (same).
>
> The United States' defense in this case—sovereign immunity—squarely implicates § 1442(a)(1)'s core purpose.

*State v. United States*, 7 F.4th 160, 163 (4th Cir. 2021). Accordingly, pursuant to 28 U.S.C. §§ 1441, 1442, USPS had an absolute right to remove Plaintiff's action to this court by virtue of the

claim against it, and its asserted defense of sovereign immunity "squarely implicates § 1442(a)(1)'s core purpose." *See id.*

The court next considers Plaintiff's assertion that removal was not timely because, she argues, it was not done within 30 days of service of process. (ECF No. 18 at p. 2–3.) Pursuant to 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "The general rule, as established by the Supreme Court in [*Murphy Brothers v. Michetti Pipe Stringing, Inc.*], is that the time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint . . . ." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)); *see Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 538–39 (D. Md. 2012) ("The thirty-day removal period is not triggered if the defendant receives a complaint unattended by formal service." (citation omitted)).

After initiating a case in a district court of Maryland, a plaintiff effectuates service upon an agency of the United States by serving both the agency and the United States; and service upon the United States is effected "by serving the United States Attorney for the District of Maryland or an individual designated by the United States Attorney in a writing filed with the clerk of the court and by serving the Attorney General of the United States at Washington, District of

7

Columbia."³ MD. RULE 3-124(m), (n). Accordingly, a United States agency is not properly served where the plaintiff has not served both the U.S. Attorney for the District of Maryland and the Attorney General of the United States. *Rogers v. Chapman*, No. 8:18-CV-03154-PWG, 2019 WL 3225750, at *6 (D. Md. July 17, 2019).

Plaintiff avers here that USPS was served with summons and the Complaint on April 1, 2024, and May 29, 2024. (ECF No. 18 at p. 1.) While USPS acknowledges that it received a copy of the Complaint, it asserts that it was not properly served prior to removal because Plaintiff did not serve the U.S. Attorney for the District of Maryland or the Attorney General of the United States in accordance with Federal Rule of Civil Procedure 4 or the analogous Maryland rule. (ECF No. 22 at p. 2–3.) Plaintiff does not offer facts in opposition of USPS's contention, nor does the court have any documentation before it demonstrating that service of process was effectuated upon the U.S. Attorney for the District of Maryland or the Attorney General.⁴ Because Plaintiff had not effectuated service upon the United States, as required by the Maryland Rules, USPS had not been properly served at the time of its removal, and its removal was thus timely per 28 U.S.C. § 1446(b)(1).⁵

---

³ "[T]he question whether service of process was sufficient prior to removal is governed by state law." *Rogers v. Chapman*, No. 8:18-CV-03154-PWG, 2019 WL 3225750, at *6 (D. Md. July 17, 2019) (quoting *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017)). Importantly, the governing Maryland rules are analogous to their federal counterparts. *See* MD. RULE 3-124(m), (n); FED. R. CIV. P. 4(i)(1), (2).

⁴ Plaintiff does, however, contend that the "service issues" are "moot" because USPS is represented by an Assistant U.S. Attorney in this action. (ECF No. 25-1 at p. 6.) Plaintiff misunderstands the requirements of service. That USPS is presently represented by an Assistant U.S. Attorney does not constitute service upon the U.S. Attorney for the District of Maryland within the meaning of the federal or state rules of court (let alone of the Attorney General for the United States). *See Royaltystat, LLC v. IntangibleSpring Corp.*, No. CV PX 15-3940, 2017 WL 219372, at *2 (D. Md. Jan. 19, 2017) ("[T]he rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." (quoting *Armco, Inc. v. Penrod–Staufer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Indeed, the requirements of service upon parties are not mere niceties; they are critical steps of the litigation process to ensure that due process is satisfied.

⁵ Because the court finds that removal was timely, it does not consider USPS's contention that it was permitted to remove this action any time prior to trial in accordance with 28 U.S.C. § 2679. (ECF No. 22 at p. 3.)

In view of the foregoing, the court is persuaded that USPS's removal of this action was proper pursuant to 28 U.S.C. §§ 1441, 1442(a)(1). The court will, therefore, consider USPS's Motion to Dismiss. That notwithstanding, for the reasons detailed more fully below, the court will grant in part Plaintiff's Motion for Remand or to Amend by remanding Plaintiff's case to state court after addressing her claim against USPS.[6]

**B. Plaintiff's Claim against USPS**

As explained *supra*, the court construes Plaintiff's claim against USPS related to the non-delivery (or late delivery) of her mail as arising under the FTCA. This court has explained:

> The FTCA confers jurisdiction on the district courts to hear claims "for injury or loss of property, . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission took place."

*Ferebee v. Temple Hills Post Off.*, No. GJH-14-02451, 2014 WL 5342845, at *2 (D. Md. Oct. 20, 2014), *aff'd,* 590 F. App'x 276 (4th Cir. 2015) (quoting 28 U.S.C. § 1346(b)).

In its Motion to Dismiss, USPS contends that Plaintiff's claim against it is barred because she failed to exhaust her administrative remedies prior to filing suit and because the FTCA has not waived USPS's sovereign immunity for claims that fall within the postal exception. (ECF No. 23-1 at p. 4–6.) Plaintiff opposes the Motion to Dismiss, arguing that she was "told by the USPS administration that she has a right to appeal and/or file a lawsuit."[7] (ECF No. 25 ¶ 5.)

---

[6] Plaintiff requests that she be permitted to amend her Complaint if the court does not remand this action. As discussed more fully below, the court will remand Plaintiff's remaining claims to the District Court of Maryland for Frederick County. Her Motion for Remand or to Amend will thus be denied as moot to the extent it seeks leave to amend.

[7] The court appreciates the challenges that Plaintiff faces as a *pro se* litigant, however, the court notes that Plaintiff's various filings verge on unintelligible or impossible to follow. In an attempt to address the various arguments Plaintiff may have intended, the court includes the following points.

First, to the extent Plaintiff intends to make new factual allegations and lodge new claims for relief in her opposition, the court may not consider these. *See Whiting-Turner Contracting Co. v. Liberty Mut. Ins. Co.*, 912 F. Supp. 2d 321,

"As a general matter, the United States is immune from suit unless it waives that immunity." *Clendening v. United States*, 19 F.4th 421, 426 (4th Cir. 2021) (quoting *Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019)). "Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). The FTCA "creates a limited waiver of the United States' sovereign immunity, generally making the Government liable in tort 'in the same manner and to the same extent as a private individual under like circumstances.'" *Id.* (citing 28 U.S.C. § 2674). It is "[p]recisely because the FTCA constitutes a waiver of sovereign immunity" that a plaintiff must comply with the prerequisite prior to filing an FTCA action. *Kokotis*, 223 F.3d at 278.

One such prerequisite is that a plaintiff "must 'present' [her] claim to the appropriate administrative agency for determination" prior to commencing an action in court. *Head v. Rakowski*, 695 F. Supp. 3d 663, 681–82 (D. Md. 2023) (quoting *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994)); *see* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first

---

334 (D. Md. 2012) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)). Moreover, even if the court were to consider her new assertions, which it does not, such allegations are evidently rooted in allegations of fraud and Plaintiff has plainly failed to plead with particularity any purported fraud by USPS as is required Federal Rule of Civil Procedure 9(b). *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")

Second, to the extent Plaintiff seeks leave to amend her Complaint in her opposition to the Motion to Dismiss in order to assert new claims against USPS (separate and distinct from her request to amend if her case is not remanded), her proffered reason for amendment does not address the deficiencies noted herein. (ECF No. 25-1 at p. 8.)

Finally, Plaintiff attaches nine pages of lists depicting purported exhibits and witnesses. (ECF No. 25-2 at p. 2–10.) The court is unable to discern the content or purpose of these lists.

presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). An FTCA claim is properly presented where "the government receives a completed SF 95 (or other written notification of an incident), *and* 'a claim for money damages *in a sum certain*.'" *Kokotis*, 223 F.3d at 278 (emphasis in original) (citation omitted). Presentation of the administrative claim is a "key jurisdictional prerequisite to filing suit under the FTCA." *Id.* "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Id.* (quoting *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir. 1986)); *see Est. of Van Emburgh by & through Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024) (identifying the administrative exhaustion requirement as a jurisdictional prerequisite).

Accordingly, here, Plaintiff was required to present her administrative claim to the appropriate federal agency for determination prior to filing suit. *See Head*, 695 F. Supp. 3d at 681–82, *supra*. Plaintiff does not allege that she submitted a completed SF 95 form and a claim for money damages of a sum certain. *See id.* Plaintiff does allege that she complained to USPS about Boyd, and she denies in her opposition that she failed to present an administrative claim; however, she makes no allegation that her purported complaints to USPS conformed with the requirements of the FTCA. *See Kokotis*, 223 F.3d at 278 ("Precisely because the FTCA constitutes a waiver of sovereign immunity, plaintiffs . . . must file an FTCA action in careful compliance with its terms."). Moreover, the Declaration of Kimberly Herbst, the Manager of Tort Program and Adjudication of USPS's National Tort Center, provides that she conducted a search of tort claim databases maintained by the USPS law department and the USPS tort claims coordinators,

and discovered no administrative tort claims submitted for adjudication by or on behalf of Plaintiff.[8]  (ECF No. 29-1 ¶ 5–6.)

In view of the foregoing, the court is persuaded that USPS has met its burden to demonstrate that Plaintiff failed to comply with the jurisdictional administrative complaint requirement under the FTCA.  Plaintiff's failure to comply with a necessary prerequisite of USPS's waiver of sovereign immunity under the FTCA bars Plaintiff's claim against it, and her Complaint will therefore be dismissed solely as against USPS.

Notably, even if the court were to find that Plaintiff's allegation of "complaints" made to USPS was sufficient under the FTCA, Plaintiff's FTCA claim against USPS would still be barred by sovereign immunity because it falls within the "postal matters exception" of the FTCA.  The United States Supreme Court has recognized:

> The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all). If one of the exceptions applies, the bar of sovereign immunity remains. The 13 categories of exempted claims are set forth in 28 U.S.C. § 2680, and the relevant subsection for our purposes, pertaining to postal operations, is § 2680(b).

*Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006).  Pursuant to 28 U.S.C. § 2680(b), the provisions of the FTCA "shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).

Plaintiff's claim against USPS arises from alleged non-delivery and/or late delivery of her mail and, as such, falls squarely within this exception.  *See, e.g.*, *Clark v. Frank*, 961 F.2d 211 (4th

---

[8] As explained *supra*, USPS mounts a facial challenge to the court's jurisdiction based on Plaintiff's Complaint.  In her opposition, however, Plaintiff denies that she failed to assert an administrative claim as required under the FTCA.  While Plaintiff may not amend her Complaint via her opposition, *see supra* note 7, to the extent the court considers her denial, USPS's challenge would constitute a factual challenge to the jurisdiction; for completeness, the court therefore considers the attached Declaration solely to the extent that it responds to Plaintiff's new (yet improperly asserted) allegations. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (noting that the court "may consider evidence outside the pleadings" when a challenge is raised to the factual basis for its jurisdiction).

Cir. 1992) (regarding two pieces of legal mail that were not delivered); *Ferebee v. Temple Hills Post Off.*, No. GJH-14-02451, 2014 WL 5342845, at *3 (D. Md. Oct. 20, 2014), *aff'd,* 590 F. App'x 276 (4th Cir. 2015) (regarding mail that was "missing," "delivered late" and "opened and resealed"); *Fleet v. United States Postal Serv.*, No. CV DKC 19-2133, 2020 WL 4349981, at *2 (D. Md. July 29, 2020) (regarding non-delivered mail); *Tomko v. United States*, No. CV RDB-18-1029, 2018 WL 6413299, at *3 (D. Md. Dec. 4, 2018) (regarding a package not arriving in a timely matter); *Winston-Bey v. United States*, No. CV CCB-15-02020, 2015 WL 8757829, at *2 (D. Md. Dec. 15, 2015) (regarding late and non-delivery of mail, as well as negligence in mishandling and improper withholding of mail).

Accordingly, even without concluding that Plaintiff failed to comply with the administrative prerequisites required for an FTCA claim, the court still finds her claim against USPS is barred by the doctrine of sovereign immunity.[9]

### C. Remaining Claims and Defendants

In view of the court's conclusion above, the only remaining claims at issue in this case are state law claims. (ECF No. 5; ECF No. 18 ¶ 8.) "In [*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)], the [Supreme] Court found federal courts to have an *inherent* power to remand removed State claims when the federal claims drop out of the case." *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (emphasis in original). "Even though *Carnegie–Mellon* was decided before the doctrine of pendent jurisdiction was codified in 28 U.S.C. § 1367 . . . it continues to inform the proper interpretation of § 1367(c), which authorizes a

---

[9] Plaintiff's opposition to the Motion to Dismiss indicates a misunderstanding about the posture of this case. (ECF No. 25-1 at p. 2.) USPS has sought to dismiss Plaintiff's Complaint against it, not Plaintiff's Complaint as a whole—*i.e.*, not Plaintiff's claims against the other Defendants. The court's disposition of the Motion to Dismiss does not address Plaintiff's remaining claims or Plaintiff's Complaint as against any Defendant other than USPS.

13

district court in its discretion to 'decline to exercise supplemental jurisdiction' over a pendent State claim." *Id.* (quoting 28 U.S.C. § 1367(c)).

28 U.S.C. § 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> >
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> >
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The Fourth Circuit's decision in *Shanaghan v. Cahill* provides instruction on the various factors to evaluate in determining whether to exercise supplemental jurisdiction:

> The statute then goes on to provide that courts "may decline" to exercise supplemental jurisdiction in certain circumstances. 28 U.S.C. § 1367(c). In particular, a court has discretion to dismiss or keep a case when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Recent case law has emphasized that trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished. *See, e.g., Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Growth Horizons, Inc. v. Delaware Cty.*, 983 F.2d 1277, 1284 (3d Cir. 1993). The doctrine of supplemental jurisdiction "thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims

> in the manner that most sensibly accommodates a range of concerns and values." *Cohill*, 484 U.S. at 350.

58 F.3d 106, 110 (4th Cir. 1995). "[A] remand may best promote the values of economy, convenience, fairness, and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988).

Here, the court declines to exercise supplemental jurisdiction over the remaining state law claims. The case is in its infancy (in this court)—no scheduling order has been issued; no discovery has occurred. *See Tolliver v. Tandium Corp.*, No. CV ELH-21-1441, 2022 WL 80587 (D. Md. Jan. 7, 2022) (finding remand appropriate where the case "has not progressed in this [c]ourt beyond very preliminary motion practice, without any consideration on the merits") (citing *Carnegie-Mellon*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")). Moreover, Plaintiff's remaining claims arise under Maryland state law, "which Maryland courts are 'obviously well equipped' to address." *Montgomery v. Freedom Mortg. Corp.*, No. CV GLS-21-02643, 2022 WL 3139638, at *8 (D. Md. Aug. 5, 2022) (quoting *Tolliver*, 2022 WL 80587, at *4). Where only state law claims remain, remand is appropriate because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see Montgomery*, 2022 WL 3139638, at *8 (remanding case "where only state law claims remain because '[n]eedless decisions of state law should be avoided'") (citing *Gibbs*, 383 U.S. at 726).

Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will remand this action to state court. Because the court will remand this action, Plaintiff's Motion for Remand or to Amend will be granted to the extent it seeks remand of the remaining claims in this action, and will be denied in all other respects.

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, USPS's Motion to Dismiss (ECF No. 23) will be granted, and Plaintiff's Motion for Remand or to Amend (ECF No. 18) will be granted in part and denied in part.[10]

Date: November 1, 2024                                  /s/_____
                                                        Julie R. Rubin
                                                        United States District Judge

---

[10] A dismissal for a defect in subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022).